BRIDGE ET AL. *vs.* BELLOW.

EASTERN DIST.
*February*, 1840.

BRIDGE ET AL.
*vs.*
BELLOW.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

Where a judgment states that it is rendered on *due proof* of the allegations in plaintiffs' petition, in which the usual allegations are made, the *reasons* will be deemed sufficient.

A show of defence in this court, when none was seriously attempted below, will not protect the appellant from damages.

This is an action against the drawer and acceptor of a bill of exchange, made payable to the plaintiffs. They allege, that demand was made, and the bill duly protested for non-payment, of which the parties had due notice, who have since failed and refused to pay the same, although amicably requested thereto.

The defendants pleaded the general issue. The bill, protest and certificate of the notary, were produced in evidence. The defendants did not appear at the trial, although notice was served on their counsel.

The court rendered judgment for the plaintiffs, stating, as the reason, " that they had proved the allegations of their petition." The defendants appealed.

*Hoffman,* for the plaintiffs, insisted on the affirmance of the judgment, with the maximum of damages.

*M'Millen,* contra, urged that the judgment was unconstitutional and void, for want of *reasons,* and a reference to the law.

2. The case was not set for trial, as provided in the Code of Practice ; but was fixed by the party, and notified only to *the counsel* of the defendants, who appear in all the proceedings as residents of the city. The judgment should be reversed.

*Morphy, J.,* delivered the opinion of the court.

The defendants are sued, *in solido,* as the drawer and acceptor of a draft in favor of the plaintiffs. No defence was made below.

EASTERN DIST.
*February*, 1840.

BRIDGE ET AL.
*vs.*
BELLOW.

In this court, the appellants have made two points, to wit : 1. That the judgment is unconstitutional and void, no law or reasons having been assigned for rendering it.

2. That all the proceedings on the trial were illegal and null, the case not having been set down regularly and in its turn, in conformity with the Code of Practice.

I. The judgment states, that it is rendered on due proof of the allegations of plaintiffs' petition, in which the usual averments of demand and notice are to be found ; this, we think, is sufficient ; it is, perhaps, all that ought to have been said. It has been held in this court, that the absence of a citation of a law, is not alone a ground for setting aside a judgment.

II. As to the second point, the rules and regulations of the court *a qua*, in relation to the manner of setting down causes, not being in evidence before us, we cannot judge whether they conform to, or violate the provisions of the Code of Practice. We are referred to a notice of trial served on defendants' counsel. This cannot be a reasonable subject of complaint. If such notice is not required by the code, it is a great convenience to counsel, and does by no means show that the cause has not been legally set down for trial.

The appellee has prayed for damages. We have already said, that a show of defence made here, when none has been seriously attempted below, should not protect the appellant from damages.

It is, therefore, ordered, that the judgment of the Commercial Court be affirmed, with costs and ten per cent. damages.